Cynthia Z. Levin, Esq. (SBN 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 866-598-5042
Fax: 866 633-0228
clevin@toddflaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEWART SMITH; FRED HEIDARPOUR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VISION SOLAR LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No. 20-cv-2185 MMB<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs STEWART SMITH and FRED HEIDARPOUR (hereinafter referred to collectively as "Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiffs bring this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of VISION SOLAR LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1331* because this matter arises out of a question of federal law—namely, the Telephone Consumer Protection Act.

3. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to *28 U.S.C. § 1391(b)* and because Defendant does business within the State of Pennsylvania and Plaintiff Smith resides within the County of Montgomery.

## PARTIES

4. Plaintiff STEWART SMITH (hereinafter "Smith"), is a natural person residing in Montgomery County, Pennsylvania and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Plaintiff FRED HEIDARPOUR (hereinafter "Heidarpour"), is a natural person residing in Maricopa County, Arizona and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. Defendant, VISION SOLAR LLC ("Defendant") is a solar and renewable energy company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9. On or about September 26, 2019, Plaintiff Smith received a call on his cellular telephone number ending in -6860 from an agent of Defendant seeking to solicit Plaintiff Smith to purchase home solar products.

10. After the call from Defendant's agent on or about September 26, 2019, Plaintiff Smith began receiving calls directly from Defendant seeking to solicit its solar products and setup an appointment. Defendant identified itself by name on these follow-up calls seeking to arrange an appointment. Accordingly, the call made on or about September 26, 2019 was clearly made for the benefit of Defendant who then began direct calling Plaintiff Smith in an attempt to solicit its services.

11. The call made on September 26, 2019 to Plaintiff Smith had a noticeable pause and delay before the agent representative came on the line and the

call was of an impersonal nature as Plaintiff Smith had no prior relationship to either Defendant or its agents.

12. Thus, these facts are indicative that the call on September 26, 2019 used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place the call to Plaintiff Smith seeking to solicit its services.

13. Further, Defendant directly called Plaintiff Smith on or about September 28, 2019, October 4, 2019, October 8, 2019, November 12, 2019, November 13, 2019, November 19, 2019, and November 21, 2019. These calls were placed directly to Plaintiff Smith by Defendant.

14. Thereafter, on or about January 15, 2020, Plaintiff Smith received a call on his cellular telephone from a company seeking to solicit home solar that identified itself as being "Exchange Energy" who told Plaintiff Smith that he would receive further calls from "Vision Solar" – the name of the Defendant in this action. "Exchange Energy" was acting as an agent of "Vision Solar" and Defendant received the benefit of such call.

15. For the call on January 15, 2020, Plaintiff Smith again noticed a delay prior to an agent representative came on the line and the call was of an impersonal nature as Plaintiff Smith had no prior relationship to either Defendant or its agents.

16. Thus, the call on January 15, 2020 also used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place the call to Plaintiff Smith seeking to solicit its services.

17. Defendant had actual knowledge and/or should have had knowledge of the conduct of its agents and therefore ratified the act in placing calls to Plaintiff Smith.

18. Additionally, a reasonable consumer similarly situated to Smith would have believed the robocalls were placed by an agent of Defendant with its express authority, given that the call on September 26, 2019 was directly followed up with by calls directly from Defendant and the call on January 15, 2020 indicated that the

company was calling specifically on behalf of Defendant.

19. Accordingly, Plaintiff Smith alleges that Defendant is both directly liable for placing the call and, in the alternative, that Defendant is vicariously liable for the calls to Smith through an agency-principle relationship, as well as through apparent authority and ratification.

20. Defendant's calls to Plaintiff Smith constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

21. During all relevant times, Defendant did not possess Smith's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

22. On or about January 24, 2020, Plaintiff Heidarpour received a call on his home residential landline telephone number ending in -9503 from a company seeking to solicit home solar. At the outset of this call, Plaintiff was greeted by a prerecorded voice response system which played a series of prerecorded messages that requested verbal responses from Plaintiff as a method of automatically "prequalifying" or collecting information from Plaintiff. After a few minutes of this prerecorded or artificial voice response system, Plaintiff was transferred to an agent of Defendant that identified itself as being "Exchange Energy." The representative indicated that Defendant would arrive for an appointment to further sell Plaintiff Heidarpour solar on January 25, 2020. Accordingly, the call made on or about January 24, 2020 was clearly made for the benefit of Defendant who then began direct calling Plaintiff Smith in an attempt to solicit its services.

23. On or about January 25, 2020, Plaintiff Heidarpour received numerous calls directly from Defendant regarding an appointment to sell him home solar.

24. Plaintiff Heidarpour had no prior relationship with either Defendant or its agents.

25. The call on January 24, 2020 used a prerecorded or artificial voice as

defined by *47 U.S.C. § 227(b)(1)(B)* to place the call to Plaintiff Heidarpour seeking to solicit its services.

26. Defendant had actual knowledge and/or should have had knowledge of the conduct of its agents and therefore ratified the act in placing calls to Plaintiff Heidarpour.

27. Additionally, a reasonable consumer similarly situated to Heidarpour would have believed the robocalls were placed by an agent of Defendant with its express authority, given that the call on January 24, 2020 indicated that Defendant would be visiting and was directly followed up with by calls directly from Defendant.

28. Accordingly, Plaintiff Heidarpour alleges that Defendant is both directly liable for placing the call and, in the alternative, that Defendant is vicariously liable for the calls to Heidarpour through an agency-principle relationship, as well as through apparent authority and ratification.

29. During all relevant times, Defendant did not possess Heidarpour's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his landline telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

30. Plaintiffs brings this action individually and on behalf of all others similarly situated, as a member the proposed classes (hereafter, jointly, "The Classes").

31. The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the

filing of this Complaint

32. The class concerning the pre-recorded voice violation (hereafter "The Prerecord Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's telephone made through the use of any artificial or prerecorded voice within the four years prior to the filing of this Complaint.

33. Smith represents, and is a member of, The ATDS Class, consisting of all persons within the United States who received any solicitation telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the filing of this Complaint.

34. Heidarpour represents, and is a member of, The Prerecord Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's telephone made through the use of any artificial or prerecorded voice within the four years prior to the filing of this Complaint.

35. Defendant, its employees and agents are excluded from The Classes. Plaintiffs do not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

36. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiffs allege that The Classes members may be ascertained by the records maintained by Defendant.

37. Smith and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant or its agents illegally contacted Smith and ATDS Class members via their cellular telephones thereby causing Smith and ATDS Class members to incur certain charges or reduced telephone time for which Smith and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of Smith and ATDS Class members.

38. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b. Whether Smith and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. As a person that received numerous telemarketing/solicitation calls from Defendant or its agent using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent, Smith is asserting

claims that are typical of The ATDS Class.

40. Heidarpour and members of The Prerecord Class were harmed by the acts of Defendant in at least the following ways: Defendant or its agents illegally contacted Heidarpour and Prerecord Class members via their residential telephones thereby causing Heidarpour and Prerecord Class members to incur certain charges or reduced telephone time for which Heidarpour and Prerecord Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of Heidarpour and Prerecord Class members.

41. Common questions of fact and law exist as to all members of The Prerecord Class which predominate over any questions affecting only individual members of The Prerecord Class. These common legal and factual questions, which do not vary between Prerecord Class members, and which may be determined without reference to the individual circumstances of any Prerecord Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Prerecord Class member using any artificial or prerecorded voice to any residential telephone numbers;

   b. Whether Heidarpour and the Prerecord Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

42. As a person that received a telemarketing/solicitation calls from

Defendant or its agent using an artificial or prerecorded voice, without his prior express consent, Heidarpour is asserting claims that are typical of The Prerecord Class.

43. Plaintiffs will fairly and adequately protect the interests of the members of The Classes. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

44. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

45. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

46. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

///
///
///

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

### On Behalf of Plaintiffs and the Classes

47. Plaintiffs repeats and incorporates by reference into this cause of action the allegations set forth above.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)* and *(B)*.

49. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiffs and the Classes Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

50. Plaintiffs and the Classes members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

### On Behalf of Plaintiffs and the Classes

51. Plaintiffs repeats and incorporates by reference into this cause of action the allegations set forth above.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)* and *(B)*.

53. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiffs and the Classes members are entitled an award of

$1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

54. Plaintiffs and the Classes members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests judgment against Defendant for the following:

    A.    Actual damages;

    B.    As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Classes members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

    C.    As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Classes members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and,

    D.    Any and all other relief that the Court deems just and proper.

## TRIAL BY JURY

55. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

//

//

//

//

//

//

//

Respectfully submitted this 5th Day of October, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/Cynthia Z. Levin, Esq.

    Cynthia Z. Levin, Esq. (SBN 27050)
    Law Offices of Todd M. Friedman, P.C.
    1150 First Avenue, Suite 501
    King of Prussia, PA 19406
    Phone: 866-598-5042
    Attorneys for Plaintiffs STEWART SMITH
    and FRED HEIDARPOUR

## CERTIFICATE OF SERVICE

Filed electronically on October 5, 2020, with:

United States District Court CM/ECF system.

Notification sent electronically via the Court's ECF system on October 5, 2020, to:

Honorable Judge of the United States District Court
United States District Court
Eastern District of Pennsylvania

And all Counsel of Record as Recorded on the Electronic Service List.

This 5th day of October, 2020.

s/Cynthia Z. Levin
Cynthia Z. Levin