**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEWART SMITH, FRED HEIDARPOUR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>    **v.**<br><br>**VISION SOLAR LLC, and DOES 1–10** | **CIVIL ACTION**<br><br>**No. 20-2185** |

**MEMORANDUM**

Baylson, J.                                                     December 8, 2020

## I.      Introduction

Plaintiffs allege that Vision Solar LLC and its agents[1] violated the Telephone Consumer Protection Act by unlawfully using automated dialers and/or prerecorded callers to contact class members without their consent.   This Court previously dismissed Plaintiffs' First Amended Complaint without prejudice, but Vision Solar maintains that similar issues persist:  that Plaintiffs' factual allegations are insufficient and they propose impermissible "fail-safe" class definitions.

The Court disagrees on the former but agrees on the latter.  Plaintiffs' allegations support the reasonable inference that Vision Solar exerted agency control over parties that utilized unlawful marketing tools in contacting Plaintiffs.  Plaintiffs' proposed class definitions, on the other hand would create impermissible fail-safe classes.  Nonetheless, the Court will not strike those class allegations at this stage.  It will instead reserve the nuanced issue of class definition for

---

[1] Plaintiffs address their Second Amended Complaint against Vision Solar LLC along with ten unidentified Doe defendants, whom they allege are Vision Solar LLC's subsidiaries and agents. The Court will refer to all defendants collectively as "Vision Solar."

1

the more appropriate stage of class certification.  For these reasons, and those explained below, the Court DENIES Vision Solar's motion to dismiss.

## II.   __Factual Background__

The Court will assume as true all factual allegations in Plaintiffs' Second Amended Complaint ("SAC") for the purposes of the present motion to dismiss.

a.   __Smith Allegations__

In September 2019, an unidentified caller[2] contacted Plaintiff Stewart Smith's cell phone to sell him home solar products, SAC at ¶ 9, allegedly through the use of an Automatic Telephone Dialing System ("ATDS"), id. at ¶ 12.  On this call, Smith observed a "noticeable pause and delay before the agent representative came on the line" and an "impersonal" tone to the call.  Id. at ¶ 11.

Vision Solar is an energy company specializing in solar and renewable energy.  Id. at ¶ 6.

Following the initial Telemarketer call, defendant Vision Solar called Smith directly seven times in the next two months.  Id. at ¶ 13.  Smith had no prior relationship with either the initial caller or Vision Solar.  Id. at ¶ 11.  He had not given prior express consent to receive calls through an ATDS.  Id. at ¶ 21.

Another Telemarketer reached out to Smith on his cell phone in January 2020, this time identified as "Exchange Energy."  Id. at ¶ 14.  Again Smith noticed a delay before an agent came on the line and the call's impersonal nature. Id. at ¶ 15.  The sales representative from Exchange Energy attempted to sell Smith home solar products and told him that he would receive further calls from Vision Solar about their products.  Id. at ¶ 14.

---

[2] Plaintiffs do not identify this caller other than to allege that it was "an agent of Defendant" Vision Solar.  SAC at ¶ 9.  The Court will refer to this unidentified telemarketer and Exchange Energy jointly as "the Telemarketers."

Plaintiffs allege that the callers were agents of Vision Solar, id. at ¶ 17, and that Vision Solar knew or should have known that these calls were made with an ATDS, id. at ¶ 16.

b. Heidarpour Allegations

In January 2020, Exchange Energy called Plaintiff Fred Heidarpour at his home phone to sell him home solar products and services. Id. at ¶ 22. The call began with a prerecorded voice asking questions to collect information from Heidarpour. Id. After he provided this information, the prerecorded system connected Heidarpour to a human sales representative. Id. The representative told him that, based on his responses, Vision Solar would arrive at his home the next day to sell him solar products. Id. The next day, Vision Solar called Heidarpour several times regarding solar products. Id. at ¶ 23.

Heidarpour had no prior relationship with either the initial caller or Vision Solar. Id. at ¶ 24. He had not given prior express consent to receive calls utilizing an artificial or prerecorded voice system ("APVS"). Id. at ¶ 29.

Plaintiffs allege that the caller was an agent of Vision Solar, id. at ¶ 26, and that Vision Solar knew or should have known that this call was made with an APVS, id. at ¶ 25.

**III.    Procedural History**

Plaintiffs initiated their lawsuit against Vision Solar on May 6, 2020, ECF 1. They shortly thereafter amended their complaint. ECF 2. Vision Solar moved to dismiss the First Amended Complaint, arguing that Plaintiffs failed to plead sufficient factual allegations to support their legal conclusions and that Plaintiffs' proposed classes — one for ATDS and another for violation of the "Do Not Call" List regulations — were fail-safe and impermissible. ECF 7. The Court agreed, dismissing the First Amended Complaint with leave to amend. ECF 12.

Plaintiffs filed the SAC on October 5, 2020. ECF 13. The SAC dropped Plaintiffs' prior "Do Not Call" List claims in favor of new APVS claims. Vision Solar renewed its motion to dismiss,

presently under consideration, arguing that the Court should dismiss Plaintiffs' SAC. ECF 14. Plaintiffs filed a timely response in opposition, ECF 15, and Vision Solar replied, ECF 16.

**IV.**     **Legal Standard**

Vision Solar moves the Court to dismiss Plaintiffs' individual claims under Federal Rule 12(b)(6) and their class claims under Federal Rule 12(f).

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept all factual allegations contained in a complaint as true, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Under Federal Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Where "class treatment is evidently inappropriate from the face of the complaint," the Court may use this authority to strike class allegations from a complaint. Zarichny v. Complete Payment Recovery Servs., Inc., 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015) (Dalzell, J.) (citing Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 n.30 (3d Cir. 2011)). Exercise of this authority is limited to only those situations where "no amount of discovery or time will allow for plaintiffs to resolve deficiencies in class definitions." Id. (citations omitted).

V.   **Discussion**

a.   Plaintiffs' Claims against Vision Solar

Plaintiffs assert two claims under the TCPA. First, they claim that Vision Solar negligently violated the TCPA through the unlawful use of ATDS and APVS in marketing calls. 47 U.S.C. § 227(b)(1)(A)–(B). The second claim is for the same conduct, alleging that Vision Solar was willfully or knowingly violating the TCPA through its actions.

Plaintiffs make these claims in both individual and class capacities. They propose the following class definitions:

**ATDS Class** (represented by Plaintiff Smith, which the Court refers to as "ATDS claims"): All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's cellular telephone for whom Defendant has no record of prior express consent for such calls within the four years prior to the filing of this Complaint

**Prerecord Class** (represented by Plaintiff Heidarpour, which the Court refers to as "APVS claims"): All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant or its agent to said person's telephone made through the use of any artificial or prerecorded voice within the four years prior to the filing of this Complaint.

5

b.  <u>Vision Solar's Arguments</u>

Vision Solar challenges Plaintiffs' claims under three arguments.  First, Vision Solar cannot be liable for the Telemarketers' calls to Plaintiffs because the Telemarketers were not Vision Solar's agents.  Second, there are insufficient allegations to infer that the Telemarketers used an ATDS to call Smith.  Third and finally, Plaintiffs' proposed definitions would constitute impermissible fail-safe classes that the Court should strike.  The Court will address each argument in turn.

c.  <u>Agency Relationship</u>

To be liable under the TCPA, a defendant need not have directly solicited potential customers; they "may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer."  <u>See</u> <u>In re Dish Network LLC</u>, 28 FCC Rcd. 6574 at ¶ 24 ("FCC Statement"); <u>see also</u> <u>Campbell-Ewald Co. v. Gomez</u>, 577 U.S. 153, 168 (2016) (finding "no cause to question" the FCC's legal conclusions in the FCC Statement).

For both the ATDS and APVS claims, Vision Solar argues that Plaintiffs' allegations are insufficient for the Court to infer an agency relationship between Vision Solar and the Telemarketers.  Plaintiffs argue that their allegations support a finding that the Telemarketers exercised actual or, in the alternative, apparent authority on behalf of Vision Solar.  The Court agrees with Plaintiffs that, as pleaded, Vision Solar can be held liable for the telemarketers' actions through agency theory.

For a motion to dismiss, the court may infer that actual authority exists based on allegations that the defendant "authorized [the telemarketers to] plac[e] telemarketing calls to potential clients" on defendants' behalf and "[d]efendants were the ultimate beneficiaries" of those solicitations."  <u>Cunningham v. Cap. Advance Sols., LLC</u>, No. 17-13050, 2018 WL 6061405, at *7

(D.N.J. Nov. 20, 2018); see also FCC Statement at ¶ 46 (A seller is responsible for an authorized telemarketer's violation of the TCPA if the seller knew or reasonably should have known about the unlawful practices and did not try to stop that conduct.).  A TCPA plaintiff adequately alleges an agency relationship where the purported principal followed-up with the plaintiff after she provided information to the telemarketer, thereby demonstrating that the principal knew of and benefited from the marketing calls.  See Hodgin v. Parker Waichman LLP, No. 3:14-cv-733, 2015 WL 13022289, at *2 (N.D. Ohio Sept. 30, 2015).

Plaintiffs have done so here.  They have pleaded that the Telemarketers solicited customers on behalf of Vision Solar and, as in Hodgin, that Vision Solar reaped the rewards of those solicitations by following up with the interested customers.

Because Plaintiffs have sufficiently alleged Vision Solar's authority over the telemarketers, they need not address their specific authority or the details of Vision Solar's control over them. The Court notes, however, that the question of agency for TCPA cases will be decided after discovery, as "without discovery it is impossible for [plaintiffs] to know the nature of an alleged relationship" between the purported principal and agent.  Id.; see also FCC Statement at ¶ 46 ("[C]onsumers may acquire [evidence of agency relationships] through discovery, if they are not independently privy to such information."); Cunningham v. Rapid Response Monitoring Serv., Inc., 251 F. Supp. 3d 1187, 1199 (M.D. Tenn. 2017) ("[I]nevitably some aspects of their relationships will only come to light in discovery.").[3]

---

[3] The cited decisions are not controlling but provide some guidance in an evolving area of federal litigation, which may be impacted by a case now before the U.S. Supreme Court.

d.  Sufficiency of ATDS Pleadings

Even though the Court will infer an agency relationship between Vision Solar and the telemarketers at this stage, Vision Solar also argues that Plaintiffs have failed to sufficiently allege the use of an ATDS by the telemarketers, as required for a claim under 47 U.S.C. § 227(b)(1)(A).

An ATDS is a machine with "the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers." Dominguez v. Yahoo, Inc., 894 F.3d 116, 121 (3d Cir. 2018).  In the Court's prior memorandum regarding Vision Solar's first motion to dismiss, it agreed with Vision Solar that Plaintiffs' then-alleged facts failed to support an inference that the callers used an ATDS.

Plaintiffs have since amended their complaint to do so.  In support, Smith alleges that he received two calls from the Telemarketers, each with a "noticeable pause and delay before the agent representative came on the line" for an "impersonal" marketing conversation.  Vision Solar contends that this "pause" is insufficient to demonstrate that Exchange Energy called him using an ATDS.

Courts in this circuit "continue to find that an allegation of a brief pause at the beginning of a call is sufficient to plead the ATDS element." Hazan v. Wells Fargo Home Mort., No. 18-10228, 2020 WL 919183, at *3 (D.N.J. Feb. 26, 2020) (collecting cases).  As Vision Solar notes, however, some out-of-circuit courts have held differently.  See ECF 16 at 9 (collecting cases).  For Rule 12 purposes, the distinctive pause at the beginning of repeated marketing calls allows an inference that the caller was using an ATDS.  Discovery will be necessary.

e.  Adequacy of Class Definition

Vision Solar asks the Court to strike Plaintiffs' class allegations for the ATDS and APVS claims since, as defined, both would create so-called "fail-safe" classes.  While the Court agrees

8

that Plaintiffs may have created fail-safe class definitions, the use of Rule 12(f) to strike class claims should be used only sparingly.  Therefore, it will decline to strike those allegations at this stage and will reserve the nuanced discussion of formal definitions for the class certification stage.

A fail-safe class is "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim."  Zarichny v. Complete Payment Recovery Servs., Inc., 80 F. Supp. 3d 610, 623 (E.D. Pa. 2015) (Dalzell, J.) (quoting Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 825 (7th Cir. 2012)).  "Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment."  Messner, 669 F.3d at 825.  For this reason, a fail-safe class may be "impermissible," Zarichny, 80 F. Supp. 3d at 623, although the Third Circuit has not yet ruled on this issue.

Plaintiffs appear to have modelled their proposed definitions as discussed in Abella v. Student Aid Ctr., Inc., No. 15-3067, 2015 WL 6599747 (E.D. Pa. Oct. 30, 2015) (Dalzell, J.), which the court ruled was not a fail-safe class.  Vision Solar's challenge focuses on the only relevant deviation between Plaintiffs' definitions and Abella's:  the use of the word "solicitation."[4]

Vision Solar claims that the use of the word "solicitation" is what renders the definitions fail-safe, because the TCPA defines "solicitation calls" as those made without prior express consent.  47 U.S.C. § 227(a)(4).  Where a "putative TCPA class is comprised of those people who received [defendants'] telephone calls without the recipient's 'prior express consent,'" that is an improper fail-safe definition.  Zarichny, 80 F. Supp. 3d at 625–26.  As drafted, the proposed class definitions would create fail-safe classes.

---

[4] Compare Pl.'s Opp'n to Def.'s Mot. to Dismiss, Abella v. Student Aid Ctr., Inc., No. 15-3067 (E.D. Pa. Oct. 13, 2015), ECF 24 at 14 (stating Abella class definition).

Nonetheless, even if "the proposed class . . . seems fail-safe," district courts within the Third Circuit "ha[ve] a preference for addressing the issues discussed herein at the class certification stage." Merino v. Wells Fargo & Co., No. 16-7840, 2017 WL 3908670, at *5, 6 (D.N.J. Sept. 6, 2017). "[T]he fail-safe problem is more of an art than a science. [This] problem can and often should be solved by refining the class definition rather than by flatly denying class certification on that basis." Id. at *6 (quoting Messner); see also Cannon v. Ashburn Corp., No. 16-1452, 2016 WL 7130913, at *11–12 (D.N.J. Dec. 7, 2016) (deferring arguments about fail-safe class definition until class certification stage and permitting discovery to proceed).

## VI.  **Conclusion**

For the reasons set forth above, Vision Solar's Motion to Dismiss is DENIED.  An appropriate Order follows.

O:\CIVIL 20\20-2185 Smith v Vision Solar\20cv2185 memorandum re 2nd MTD 11242020.docx