UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEWART SMITH; FRED HEIDARPOUR,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VISION SOLAR, LLC, and DOES 1 through 10, inclusive, and each of them,**<br><br>Defendants. | Case No. **2:20-cv-02185-MMB** |

**PLAINTIFFS' OFFER OF PROOF SUMMARY FOR MARCH 1, 2022 HEARING ON MOTION FOR CLASS CERTIFICATION**

On February 2, 2022, the Court entered an Order setting an evidentiary hearing on March 1, 2022 at 10:00 a.m. on Plaintiffs Fred Heidarpour and Stewart Smith ("Plaintiffs") Motion for Class Certification. The Court furthered ordered Plaintiffs to file a pre-hearing "offer of proof" summarizing the testimony of all witnesses and any other proof that may be offered.

**I.   Stewart Smith**

Mr. Stewart Smith ("Smith") will testify consistent with the previous declaration in support of the Motion for Class Certification that was submitted to the Court. A summary of Plaintiff Smith's anticipated testimony is as follows:

Smith received numerous calls to his cellular telephone from a vendor who identified itself as Energy Exchange on behalf of Defendant Vision Solar LLC ("Defendant") in 2019, including on September 26 & 28, October 4 & 8, and November 12, 13, 19 & 21. Smith knew that these calls were made on behalf of Defendant because he received a call from Defendant on September 28, 2019 directly to setup a solar appointment as well as a text message on October 4, 2019 for the same purpose. On October 8, 2019, Smith's attorney at the time sent a

1

letter requesting Defendant and its vendors cease calling him, but Defendant did not respond favorably.

Smith received a second set of calls in 2020 from a new company "Solar Exchange" but again on behalf of Defendant, including on January 15, 2020, June 19, 2020, June 25, 2020, and June 26. These calls all feature a pause after Smith answered before a person came on the line, which indicated to Smith it was placed using an autodialer of some kind. Smith feigned interest in an appointment and, on July 14, 2020, an employee of Defendant arrived at Smith's house seeking to sell him solar per the agreed to appointment. This indicated that the most recent set of calls were similarly made on behalf of Defendant. Further, Smith had at no point provided his consent to Defendant or its agents to receive such calls.

Smith is aware of his responsibilities as a Class Representative and understands those responsibilities and is willing to put the interests of class members before his own.

### II.     Fred Heidarpour

Mr. Fred Heidarpour ("Heidarpour") will testify consistent with the previous declaration in support of the Motion for Class Certification that was submitted to the Court. A summary of Plaintiff Heidarpour's testimony is as follows:

On January 24, 2020, Heidarpour received a telephone call from 480-524-1727 to his home telephone number 480-595-5903. That phone call used a prerecorded voice prompt system which asked Heidarpour prequalifying questions regarding a home solar system. After answering the prerecorded prompts, Heidarpour was transferred to a representative of "Energy Exchange" who indicated that a representative of Defendant Vision Solar would arrive on January 25, 2020 at his house to sell him solar.

On January 25, 2020, Heidarpour received multiple calls and emails from Megan Bailey, an employee of Defendant, and found a business card for Defendant at his house. This confirmed to Heidarpour that Energy Exchange had been calling on behalf of Vision Solar. Further, Heidarpour had at no point provided his consent to Defendant or its agents to receive such calls.

Heidarpour is aware of his responsibilities as a Class Representative and understands those responsibilities and is willing to put the interests of class members before his own.

### III. Plaintiffs' Expert Jeffrey Hansen

Mr. Jeffrey Hansen ("Hansen") will testify consistent with the expert report in support of the Motion for Class Certification that was submitted to the Court. A summary of Mr. Hansen's testimony is as follows:

Hansen has been retained as an expert or consultant in more than 150 TCPA Class Action lawsuits, as well as an expert in hundreds of others of types of civil cases. Hansen has frequently served as an expert witness conducting computer forensic analysis and was retained in this matter for purposes of evaluating and analyzing call detail records produced by Defendant in discovery. Hansen has extensive experience with data warehousing, including such warehousing related to telemarketing and autodialers in general. Hansen also has extensive experience in the building and running of predctive dialers and autodialers and the manner in which such devices produce outbound dial lists a.k.a. "Call Detail Records."

The call detail records produced by predictive dialers will not have an agent assigned to calls which are not answered. This is because predictive dialers function by automatically calling a large list of numbers using a complex algorithm to "predict" the amount of numbers that can be dialed contemporaneously based on estimates of how many individuals dialed will pick up and other factors. This permits a telemarketer to overcome the fact that over 90 percent of their calls will be answered by answering machines or not answered at all without requiring an agent to be assigned and waiting for that 90 percent of calls to terminate unsuccessfully. The numbers that such a system calls will be dialed either randomly or sequentially from a preloaded list.

Hansen hypothesizes that one can determine that call detail records were made using a predictive dialer where such records reflect that no agent was assigned to unanswered calls—because such records reflect how a predictive dialer functions by not assigning an agent until a call is actually answered. Hansen tested this hypothesis in this case by reviewing the call detail records produced by Defendant for Solar Exchange for calls made from November 18, 2019 to

November 15, 2020. These call detail records reflect that where an outbound call has a disposition code of "Answering Machine" or "No Answer" had no agent connected to the call as indicated by the "Agent" field, whereas other disposition codes that resulted in contact identified the agent's login name in the "Agent" column. Thus, the call detail records confirmed Hansen's hypothesis that they were placed by a predictive dialer type of system based on the information recorded therein. The call detail records thus reflect 117,340,585 outbound predictively dialed calls to 7,267,361 unique numbers. Hansen also confirmed that Plaintiff Smith's phone number was in the call detail records and received 44 outbound calls.

Additionally, Hansen will testify about the process of cellphone scrubbing to further reduce the phone numbers in the call detail records to reflect only cellular telephone records. Hansen has done exactly such process in numerous previous cases.

### IV.     Other Evidence

Plaintiffs will also present the evidence produced by Defendant in this litigation that has already been submitted in support of their Motion for Class Certification. A summary of such evidence is as follows[1]:

1. The deposition transcript of Ryan Benko, the 30(b)(6) representative of Defendant ("Benko"). The transcript reflects background information on Defendant as well as its business practices, including how Defendant generates leads, Defendant's contracts with its vendors, Defendant's TCPA compliance policies (or lack thereof), and data retention practices.
2. Defendant's agreement with Solar Exchange, LLC, which reflects the terms and conditions governing that relationship.
3. A summary of the data contained within the Call Detail Records, to the extent not already presented by Mr. Hansen.

---

[1] The summary is general since much of the specific information was designated confidential by Defendant and thus cannot be filed publicly.

4. Copies of the communications between Plaintiff Smith's prior attorney and Defendant regarding the calls in the fall of 2019, which reflect knowledge of the practice prior to the calls received in 2020 by Heidarpour and Smith.

5. The declaration of Todd M. Friedman as to the background and experience of the Law Offices of Todd M. Friedman with regards to the adequacy of Plaintiffs' counsel to represent the putative Classes.

Dated: February 22, 2022

Respectfully submitted,

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
/s/Thomas E. Wheeler (*pro hac vice*)
Thomas E. Wheeler
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
twheeler@toddflaw.com
*Attorneys for Plaintiffs Stewart Smith, Fred Heidarpour, and the putative Classes*

Filed electronically on this 22nd Day of February, 2022, with:

United States District Court CM/ECF system.

Notification sent electronically on this 22nd Day of February, 2022, to:

Honorable Michael M. Baylson
United States District Court
Eastern District of Pennsylvania
And All Counsel of Record as Recorded On The Electronic Service List

<u>/s/ Thomas E. Wheeler, Esq.</u>
THOMAS E. WHEELER