IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEWART SMITH, FRED HEIDARPOUR,** *INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,* *Plaintiffs,* <br><br> v. <br><br> **VISION SOLAR LLC, and DOES 1–10** *Defendants.* | CIVIL ACTION <br><br> NO. 20-2185 |

**MEMORANDUM RE: CLASS ACTION CERTIFICATION AND SETTLEMENT**

**Baylson, J.**                                                                                                                **March 16, 2023**

The issue presented is whether Plaintiffs have shown sufficient facts to warrant certification of this case as a class action. The Court will first review the procedural history and then discuss the conflicting views, the legal analysis, and the Court's conclusion.

## I.    Procedural History

Plaintiffs Smith and Heidarpour both allege that they received multiple unconsented, non-emergency, automatic telephone calls from Defendant through its alleged agents in violation of the Telephone Consumer Protection Act ("TCPA") beginning in or around September 2019, despite both Plaintiffs being on the National Do-Not-Call Registry.

Plaintiffs filed the initial complaint on May 6, 2020 (ECF 1), which was subsequently amended on May 8, 2020 (ECF 5) but dismissed by the Court, without prejudice, on September 21, 2020 (ECF 9). On October 5, 2020, Plaintiffs filed a Second Amended Complaint (ECF 14). After the Court denied Defendant's Motion to Dismiss (ECF 14) in an Order on December 8, 2020 (ECF 18), Defendant answered the Second Amended Complaint on December 22, 2020 (ECF 19).

1

After initial discovery, Plaintiffs filed a Motion to Certify Class on October 1, 2021 (ECF 32). The motion proposes certification of two classes: the "Solar Exchange Class" under Rule 23(b)(3) and the "Prerecord Injunctive Class" under Rule 23(b)(2).[1] Defendant filed a response on October 22, 2021 (ECF 41), along with a Motion to Strike Plaintiffs' Expert Report (42). Plaintiffs filed a reply brief on the Motion to Certify on October 29, 2021, before responding to the Motion to Strike on November 5, 2021 (ECF 44), to which Defendant filed a reply on November 12, 2021 (ECF 45).

The Court requested Plaintiffs file an "offer of proof" (ECF 46) prior to an evidentiary hearing on March 1, 2022 on the Motion to Certify (ECF 48). At that hearing, Plaintiffs Smith and Heidarpour testified in person and Plaintiffs' expert, Jeffrey Hansen, testified by video. Upon consideration of the evidence at the hearing, on April 20, 2022, the Court denied the Motion to Strike, but ordered the parties to confer regarding additional discovery on the issue of agency as it pertained to class certification (ECF 59, 60), to be completed within 120 days of the order (ECF 62) and set a schedule for supplemental briefing on the issue of agency (ECF 67). After the briefing had been completed, on November 14, 2022, Defendant moved for Leave to

---

[1] The "Solar Exchange" class is related to Solar Exchange, one of Defendant's alleged agents. More specifically, the class is defined as:

> "All persons within the United States who received a solicitation/telemarketing telephone call from Solar Exchange LLC to solicit Defendant's services to said person's cellular telephone with an "outbound" designation and without a "busy" or "operator intersect" designation in the disposition field in the outbound dial list from November 18, 2019 to November 15, 2020."

ECF 32; See also ECF 87 (qualifying definition). The "Prerecord Injunction Class" is defined as:

> "All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant's vendors to said person's telephone made through the use of any artificial or pre-recorded."

ECF 32.

File an Expert Report (ECF 70), asserting that Defendant had recently uncovered evidence that warranted Defendant retaining an expert, on the issue of whether the devices used by the Defendant was an automatic telephone dialing system ("ATDS") as required by the statute and the Supreme Court's opinion in Facebook v. Duguid. 141 S. Ct. 1163 (2021). The Court granted the Motion but allowed Plaintiff to depose the defense expert, Mr. Ray Horak. Then Defendant filed a Motion to Take Deposition of Plaintiff's Expert, which the Court granted. After this, both Plaintiffs and Defendant filed supplemental briefings which discussed the recent expert depositions in part and also discussed the issue of ascertainability. On March 13, 2023, the Court heard oral argument on the Motion to Certify Class.

## II.     Automatic Telephone Dialing System ("ATDS") Issues

Whether equipment qualifies as an ATDS is a mixed question of fact and law. See Panzarella v. Navient Sols., Inc., 37 F.4th 867, 876, 881-82 (3d Cir. 2022) (holding that summary judgment was erroneous where evidence on the record regarding ATDS status was conflicting but granting summary judgment where the record established that the defendant did not rely on random or sequential number generation). The question of whether equipment *is* an ATDS turns on the equipment's *capacity* to employ a random or sequential number generator to store or produce telephone numbers, not its actual use of such a generator. Id. at 876. However, the Third Circuit has also held that to violate the TCPA, in making the relevant calls, the dialing system "must employ either an ATDS's capacity to use a random or sequential number generator to produce telephone numbers to be dialed, or its capacity to use a random or sequential number generator to store numbers to be dialed." Id. at 881.

Here, a genuine issue of material fact exists as to whether the dialing system employed by Solar Exchange was an ATDS *and* whether the calls resulted from the capacity to use random or

3

sequential number generation to produce or store numbers. Defendant's expert, Mr. Horak, argued that there is no evidence that the dialing system used by Solar Exchange had the capacity to use a random or sequential number generator to store or produce phone numbers to be called. ECF 70, Ex. 3. Mr. Horak also opined that no systems produced by Five9 – whose dialing system Solar Exchange used – would meet the definition of ATDS. Id. ¶ 65. Finally, Mr. Horak asserts that the report by Plaintiffs' expert (Mr. Hansen) conflates technical definitions of dialing modes and systems to offer conclusions that are "unfounded and speculative." By contrast, Plaintiff's expert, Jeffrey Hansen, testified both at the evidentiary hearing on March 1, 2022 and also at his deposition on February 23, 2023, that he believed the calls were not only made by a machine with the capacity to employ a random or sequential number generator, but the dialing system used by Solar Exchange actually did so.[2]

### III. Precertification Settlement of Individual Claims

Shortly after the argument on class certification was completed, counsel sent a letter to Chambers advising that they had reached a settlement on behalf of the individual plaintiffs and the Defendant, without any consideration of the proposed class under Rule 23.

The Court requested counsel to provide updated legal authority as to their ability to settle the case without consideration of a class under Rule 23. Counsel submitted letters to Chambers

---

[2] Mr. Hansen testified as follows:

[Defendant's Counsel]: Based on what you reviewed in this case, did the Five9 system that was used to place the calls at issue use a sequential number generator?
Mr Hansen: Yes.
[Defendant's Counsel]: Okay. What's that based on?
Mr. Hansen: It used it first to load the list into - - or put the list into memory. It used it again to call the list as well.

Hansen Depo., ECF 86, Ex. 2 19:10-17

which will be docketed. Upon review of these letters, as the Court advised counsel in a short telephone conference on March 15, 2023, the Court believes that under current law, counsel have the ability to settle the case with individual plaintiffs without regard to a class, prior to any decision on class certification.

Generally, when the claims of the named plaintiffs become moot before certification, dismissal of the action is required. Brown v. Phila. Hous. Auth., 350 F.3d 338, 343 (3d Cir.2003). There are exceptions to this general rule, which the Court has considered. In Symczyk v. Genesis Healthcare Corp., this Court held that the plaintiff's collective action suit (under the Fair Labor Standards Act ("FLSA")) became moot when her individual claim was made moot by a Rule 68 offer. 2010 WL 2038676 at *4 (Baylson, J.). The Third Circuit reversed, concluding that when a defendant makes a Rule 68 offer to the plaintiff that could moot the claim for collective relief under the FLSA, the district court should relate the conditional certification motion back to the filing of the initial complaint ("the relation back" doctrine). Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 201 (3d Cir. 2011).

The panel in Symczyk relied on similar Third Circuit precedent applying the "relation back" doctrine in a Rule 23 certification setting, Weiss v. Regal Collections. 385 F.3d 377, 347 (3d Cir. 2004). There, the Third Circuit held that when a Rule 68 offer could moot the claim,[3] the Court should relate the certification motion back to the filing of the initial complaint, observing that "in certain circumstances, to give effect to the purposes of Rule 23, it is necessary to conceive of the named plaintiff as part of an indivisible class and not merely a single adverse

---

[3] Weiss was abrogated to the extent that it held that a plaintiff's claims may be mooted by an unaccepted offer of judgment under Rule 68. Campbell-Ewald Co. v. Gomez, 577 U.S. 153 (2016).

party even before the class certification has been decided." Id.  Under Weiss, the rationale for the relation back doctrine is "to shield from dismissal on mootness grounds those claims vulnerable to being 'picked off' by defendants attempting to forestall class formation." Id. at 196-97.

However, the Supreme Court reversed the Symczyk decision and affirmed this Court's decision, holding that "respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 73 (2013).[4]  While that decision relied on distinctions between Rule 23 and FLSA procedure, the Supreme Court also noted that the rationale for the "relation back" doctrine "has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy." Id. at 77-78.  Further, the Third Circuit concluded in Richardson v. Bledsoe that while Weiss's holding on the "picking off" mootness exception remained good law, "the mootness exception should only apply in situations where mooting of the individual claim occurred at so early a point in litigation that the named plaintiff could not have been expected to file a class certification motion." 829 F.3d 273, 286 (3d Cir. 2016).[5]  Accordingly, the relation back doctrine is not applicable here.

The Third Circuit also noted in Richardson that if the exception does not apply, "courts [should] adhere to the general rule that the mooting of named plaintiff's claim prior to class

---

[4]  See also Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper, 445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980) ("[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims.  Should these substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs.")

[5]  Another key distinction between Weiss and Richardson and the present action is that the source of mootness is Plaintiffs' voluntary settlement.  Weiss and Richardson address situations where the plaintiffs' claims were made moot against their will.

certification moots the entire case." Id.  Since the Court has found no basis in Rule 23 or related case law to preclude settlement of Plaintiffs' individual claims alone, the case will be dismissed pursuant to Local Rule 41.1(b).[6]  An appropriate order follows.

                              **BY THE COURT:**

                              /s/ Michael M. Baylson

                              _____
                              **MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 20\20-2185 Smith v Vision Solar\20cv2185 Memorandum on class cert and settlement.docx

---

[6] The Court also observes that Rule 23(e) was amended for the express purpose of carving out settlement of individual claims with putative class members.  The advisory committee's notes to the 2003 amendment state:
> "Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be--and at times was--read to require court approval of settlements with putative class representatives that resolved only individual claims.  See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."

FED. R. CIV. P. 23(e)(1) advisory committee's note to 2003 amendment.